UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LAUREN MORRISSEY, )
    Plaintiff )
     )
    v. ) Docket No. 2:17-cv-178
     )
NORWICH UNIVERSITY, )
    Defendant )

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lauren Morrissey, by her attorneys, Gravel & Shea PC, hereby complains of Defendant Norwich University and alleges as follows:

Parties and Other Persons

1. Plaintiff Lauren Morrissey is a citizen of the State of Connecticut.

2. Defendant is a Vermont university with its principal place of business in Vermont.

3. Alexander Alvarez is an individual. Alexander Alvarez sexually assaulted Lauren Morrissey in her dormitory room at Norwich University.

Jurisdiction

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) and 20 U.S.C. § 1681.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as (i) Plaintiff seeks damages in excess of $75,000, the minimum jurisdictional amount of this court, exclusive of costs and interest, and (ii) this action is between citizens of different states.

Venue

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

Facts

7. At all times material hereto, Alexander Alvarez was an adult male resident student of Norwich University.

8. At all times material hereto, Lauren Morrissey was an adult female resident student of Norwich University.

9. On November 17, 2016, Alexander Alvarez sexually assaulted Lauren Morrissey in her dormitory room at Norwich University.

10. On November 18, 2016, Lauren Morrissey presented to the Central Vermont Medical Center and disclosed that Alexander Alvarez sexually assaulted her the day before. A Sexual Assault Nurse Examiner performed a complete exam.

11. A Sexual Assault Nurse Examiner promptly reported the sexual assault to the Barre Police Department.

12. On November 18, 2016, Lauren Morrissey reported the sexual assault to the Norwich University Title IX Office.

13. The Norwich University Title IX Office thereafter concluded that there was sufficient credible evidence to establish by a preponderance of evidence that Alexander Alvarez sexually assaulted Lauren Morrissey. Norwich University dismissed Alexander Alvarez from Norwich University.


gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 2 -

14. Norwich University's Title IX Office received three complaints of sexual harassment, sexual abuse and sexual assault by Alexander Alvarez from three different female resident students prior to Alexander Alvarez sexually assaulting Lauren Morrissey.

15. Norwich University chose not to take any action upon receiving the complaints of sexual harassment, sexual abuse and sexual assault by Alexander Alvarez.

16. Prior to the assault on Lauren Morrissey, Norwich University chose not to provide safety measures for the women who Alexander Alvarez assaulted, chose not to discipline Alexander Alvarez and chose not to supervise him to prevent future sexual misconduct and to protect other resident students.

## COUNT I
## Negligence

17. Defendant Norwich University owed Plaintiff, as one of its students, a duty to protect her from an unreasonable risk of harm on the Norwich University campus.

18. After Norwich University received three individual complaints for sexual misconduct against Alexander Alvarez, it was reasonably foreseeable that Alexander Alvarez would sexually assault other female resident students he came into contact with at Norwich University.

19. Despite the known foreseeable harm of sexual assault, Norwich University chose to allow Alexander Alvarez unfettered access to female residents, and chose not to warn female residents, including Lauren Morrissey, of the potential danger presented by the presence of Alexander Alvarez.



gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

20. Defendant Norwich University breached its duty of care to Norwich University female resident students, including Lauren Morrissey, by failing to take reasonable steps to protect Norwich University female resident students from Alexander Alvarez.

21. As a proximate cause of Defendant's negligence, Alexander Alvarez sexually assaulted Lauren Morrissey.

## COUNT II
### Premises Liability

22. Defendant Norwich University, as premises owner, manager and/or operator, owed a general duty to invitees to protect them from dangers and risks to their safety.

23. Norwich University owed a duty of care to protect the health, safety and welfare of Lauren Morrissey, a resident student of Norwich University.

24. Norwich University owed Lauren Morrissey a duty to provide security to prevent reasonably foreseeable criminal acts.

25. At all relevant times, the risk of sexual assault, and other intentionally tortious conduct by Alexander Alvarez was reasonably foreseeable to Norwich University, and constituted a danger and hazard to female resident students on the Norwich University campus.

26. Norwich University should have expected that female resident students would not discover or realize the danger that Alexander Alvarez posed and that female resident students would fail to protect themselves against Alexander Alvarez.

27. Norwich University did not exercise reasonable care to protect resident students from the danger that Alexander Alvarez posed.

28. Norwich University breached its duty of care to Lauren Morrissey by, among other things, failing to respond appropriately when informed of three prior complaints against


gravel &
shea | ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

Alexander Alvarez and failing to otherwise provide adequate security that could have deterred or prevented Alexander Alvarez from sexually assaulting Lauren Morrissey.

29. Alexander Alvarez's sexual assault of Lauren Morrissey was reasonably foreseeable. Norwich University could have chosen to thwart the assault through reasonable security measures and the exercise of reasonable care.

## COUNT III
### Violation of Title IX, Education Amendments of 1972 – 20 U.S.C. § 1681 Et Seq.

30. At all relevant times, Defendant Norwich University received federal financial assistance.

31. Plaintiff Lauren Morrissey had a right not to be subject to sexual discrimination, harassment or abuse while she attended Norwich University.

32. Norwich University, through its agents and representatives, had actual notice that Alexander Alvarez was sexually harassing, sexually abusing and sexually assaulting female students.

33. Persons with knowledge included Norwich University's Title IX Officer, Stefanie Drew.

34. This knowledge placed Norwich University on actual notice of Alexander Alvarez's propensity to commit sexual harassment, sexual abuse and sexual assault upon Norwich University female students, including Lauren Morrissey.

35. Norwich University officials with actual notice of Alexander Alvarez's history had the responsibility to conduct a prompt, reliable, thorough and impartial investigation into all of the allegations of sexual harassment, sexual abuse and sexual assault of students by Alexander Alvarez.


gravel &
shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 5 -

36. Defendant Norwich University failed to conduct prompt, reliable, thorough and impartial investigations upon receiving complaints of Alexander Alvarez's sexual harassment of students prior to Alexander Alvarez sexually assaulting Lauren Morrissey.

37. Norwich University officials in the Title IX Office, with actual notice of Alexander Alvarez's conduct, had the authority to address the acts of sexual harassment, sexual abuse and sexual assault of students by Alexander Alvarez and institute corrective measures.

38. Defendant Norwich University chose to take no meaningful disciplinary action or implement corrective or protective measures against Alexander Alvarez prior to him assaulting Lauren Morrissey.

39. Any disciplinary action, corrective or protective measures undertaken by Norwich University prior to Alexander Alvarez assaulting Lauren Morrissey were perfunctory, superficial, insufficient and inadequate to address the misconduct of Alexander Alvarez and protect students, including Lauren Morrissey. Consequently, any corrective measures taken by Norwich University were clearly unreasonable and constituted deliberate indifference.

40. The decisions of Title IX officials to allow Alexander Alvarez unfettered contact with female students, including Lauren Morrissey, subsequent to allegations of sexual harassment, sexual abuse and sexual assault of female students, without instituting any meaningful disciplinary corrective or protective measures, were official decisions to ignore the danger of sexual harassment, sexual abuse and sexual assault to the female students in their care posed by Alexander Alvarez.

41. The Norwich University Title IX officials knew that Alexander Alvarez had sexually harassed, sexually abused and sexually assaulted three female resident students of Norwich University, and as a direct and proximate result of their choice not to act, deliberate

gravel &
shea | ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 6 -

indifference and failure to act reasonably, Alexander Alvarez sexually assaulted Lauren Morrissey on campus.

42. In response to actual notice provided on three different occasions that Alexander Alvarez sexually harassed, sexually abused and sexually assaulted female resident students of Norwich University, the University could have chosen to institute any of a number of corrective and protective measures that would have prevented any sexual harassment, sexual abuse or sexual assault of students on school grounds including, without limitation, (i) expulsion of Alexander Alvarez after investigation and completion of appropriate due process proceedings; (ii) suspension of Alexander Alvarez pending investigation and due process proceedings; (iii) supervision of Alexander Alvarez's activities or assigning staff to monitor Alexander Alvarez's activities on school grounds; (iv) utilization of surveillance equipment to monitor Alexander Alvarez's activities on school grounds; (v) notification or warning students and parents/guardians of Alexander Alvarez's conduct and its inappropriateness so that students might be more cautious when coming in contact with him and might feel more comfortable reporting any further suspected sexual harassment, sexual abuse or sexual assault; and/or (vi) implementation of any such other measures reasonably intended or designed to protect female students at Norwich University, including Lauren Morrissey, from sexual harassment, sexual abuse and sexual assault.

43. Despite receipt of actual notice of Alexander Alvarez's conduct, Norwich University, and its agents and representatives, acted with deliberate indifference in failing to institute any of the above-mentioned corrective measures.

44. As a result of Norwich University's gross failure to act, Alexander Alvarez sexually assaulted Lauren Morrissey in her dormitory room at Norwich University.


gravel &
shea  ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 7 -

45. The sexual assault of Lauren Morrissey on school grounds was so pervasive, severe and continuous, that it created an intolerably hostile and damaging environment for Lauren Morrissey, and effectively barred her from access to educational opportunity or benefit from Norwich University.

## Damages

46. As a direct and proximate result of Norwich University's conduct as set out in this complaint, Plaintiff Lauren Morrissey has suffered psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment.

47. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

## Claims for Relief

WHEREFORE, Plaintiff Lauren Morrissey respectfully requests that this Court enter judgment against Norwich University, including compensatory damages and punitive damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. § 1988, and any other relief as may be available to her.



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 8 -

## **JURY DEMAND**

**Plaintiff demands trial by jury of all issues so triable.**

Dated:  Burlington, Vermont
September 20, 2017

_____
Jerome F. O'Neill, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
joneill@gravelshea.com
For Plaintiff

gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 9 -